IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **HESHMAT ASNARI,** | *<br>*<br>* |
| Plaintiff, | *<br>* Case No.: RWT 09cv269 |
| v. | *<br>* |
| **TOM VILSACK,** Secretary of Agriculture, | *<br>*<br>* |
| Defendant. | *<br>* |

**MEMORANDUM OPINION**

Pending before the Court are Defendant Tom Vilsack's Motion To Dismiss or, in the Alternative, for Summary Judgment and Motion To Strike Plaintiff's Surreply. Because the Court lacks subject matter jurisdiction over Plaintiff Heshmat Ansari's pro se Complaint and because Plaintiff filed his surreply without the Court's permission, the Court will grant Defendant's Motions by separate order.

In December of 2001, while employed by the United States Department of Treasury ("the Treasury Department"), Plaintiff filed an employment discrimination suit with the Equal Employment Opportunity Commission ("EEOC") against the Treasury Department. (Pl's Compl. 1.) In February of 2003, Plaintiff left the Treasury Department and began working for the United States Department of Agriculture ("Agriculture Department"). (Id.) Three years later, on February 9, 2006, Plaintiff left the Agriculture Department to work for the United States Department of Transportation ("Transportation Department"). (Id.) On June 15, 2007, while employed by the Transportation Department, Plaintiff received a prevailing EEOC decision, which ordered the Treasury Department to revise Plaintiff's personnel file to reflect that he was

promoted to a General Schedule ("GS")-15 position and to award him back pay for the period from September 17, 2001, until Plaintiff left the agency in February of 2003.  (Id. Ex.1.)

Pursuant to the EEOC order, the Treasury Department corrected Plaintiff's Official Personnel Records to reflect his promotion to a GS-15 position and awarded him back pay.  (Id.) In November of 2007, the Treasury Department delivered copies of Plaintiff's corrected employment records to the Agriculture and Transportation Departments.  (Pl's Resp. 2.)  The Transportation Department updated Plaintiff's employment record to reflect his promotion at the Treasury Department and awarded Plaintiff back pay.  (Pl's Compl. 1; Pl's Resp. 2.)  The Agriculture Department, however, did not modify Plaintiff's employment records or award Plaintiff back pay.  (Pl's Compl. 1; Pl's Resp. 2.)

On October 2, 2008, Plaintiff filed a petition for enforcement with the EEOC regarding the Agriculture Department's refusal to correct his records and to award him back pay.  (Id. at 1– 2 & Ex.2.)  The EEOC denied his petition on October 27, 2008.  (Id. Ex.2.)  In its denial, the EEOC explained that the EEOC's "jurisdiction to order corrective action reaches only to the agency against which the complaint was filed, in this case Department of Treasury, and not to other agencies, such as [the Agriculture and Transportation Departments]."  (Id.)

On November 24, 2008, Plaintiff filed the instant complaint against the Agriculture Department for failure to update his personnel records and to award him back pay.  (Pl's Compl. 1.)  Plaintiff contends that his employment record at the Agriculture Department should reflect his entry position as GS-15, Step 5, and not GS-15, Step 3.  (Id.)  He requests that the Court order Defendant to correct his Official Personnel Records with the Agriculture Department and to award him back pay, with interest, for all wages and benefits for the period of time beginning February 9, 2003, to January 20, 2006.  (Id. at 2.)

Because Plaintiff's Complaint did not state a cause of action, Defendant assumed in its motion for summary judgment that Plaintiff was bringing the action pursuant to Title VII of the Civil Rights Act of 1964.  (Def's Mot. 11.)  In his opposition, Plaintiff clarified that he was bringing this action pursuant to Title 5, United States Code, but he did not specify a particular section.  (Pl's Resp. 1.)  Instead, he quoted from Chapter 32 of the United States Office of Personnel Management Operating Manual, which provides instructions for processing personnel actions, including corrections of step and salary.  (Id. at 2.)  Defendant argues in his reply that Plaintiff's Title 5 claim is improper and that the Court lacks jurisdiction over the claim.  (Def's Reply 2–3.)

In response to Defendant's Reply, Plaintiff filed a response, which the Court construes as a surreply, without having requested leave to file one.  Defendant filed a motion to strike Plaintiff's surreply.  Pursuant to Local Rule 105.2(a), surreply are not permitted to be filed unless otherwise ordered by the Court.  Accordingly, the Court will grant Defendant's motion to strike Plaintiff's surreply by separate order.  The Court notes, however, that Plaintiff's surreply would not have changed this decision.

A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the authority to hear the case.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  The plaintiff bears the burden of persuading the court that it has subject matter jurisdiction.  See id.  Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction.  See id.

The Court construes Plaintiff's complaint as raising a claim under the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in

scattered sections of 5 U.S.C.).  The CSRA is the exclusive remedy for federal employees seeking redress of non-discriminatory personnel actions connected with federal employment.  See United States v. Fausto, 484 U.S. 439, 443 (1988); Yokum v. U.S. Postal Serv., 877 F.2d 276, 279 (4th Cir. 1989).  The Merit Systems Protection Board ("MSPB") and the United States Court of Appeals for the Federal Circuit have exclusive jurisdiction over federal employment disputes arising under the CSRA.  See Fausto, 484 U.S. at 448–49; Pinar v. Dole, 747 F.2d 899, 905 (4th Cir. 1984); Davis v. Thompson, 367 F. Supp. 2d 792, 800 (D. Md. 2005).

This Court lacks jurisdiction over Plaintiff's CSRA claim.  Plaintiff has provided no information or evidence of ever having filed a claim or action with the MSPB, and there are no records of an MSPB appeal or an internal administrative grievance at the Agriculture Department.  See Def's Reply Ex.2 (Decl. of Paula Lucak).  Plaintiff has therefore failed to exhaust his administrative remedies.  See Williams v. Garrett, No. HAR 91-106, 1991 WL 263561, at *3 (D. Md. Dec. 2, 1991) (applying the exhaustion requirement to MSPB claims).  Moreover, even if Plaintiff had filed an MSPB action, jurisdiction over an appeal from that action rests with the Federal Circuit, and not with this Court.  Accordingly, this Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

For these reasons, the Court will grant by separate order Defendant's Motion To Dismiss or, in the alternative, for Summary Judgment and Defendant's Motion To Strike Plaintiff's Surreply.

November 16, 2009

                                                   /s/
                                     ROGER W. TITUS
                              UNITED STATES DISTRICT JUDGE